**OPERATING ENGINEERS PENSION TRUST; Operating Engineers Health & Welfare Fund; Operating Engineers Vacation-holiday Savings Trust; Operating Engineers Training Trust, Trustees, Plaintiffs–Appellants,**

**v.**

**Janet Renae PETELSKI; Richard Petelski, individuals d/b/a JR Rentals d/b/a JR's Scraper Rentals d/b/a Ricks Equipment Rental & Sales, Defendants–Appellees.**

Operating Engineers Pension Trust; Operating Engineers Health & Welfare Fund; Operating Engineers Vacation-holiday Savings Trust; Operating Engineers Training Trust, Trustees, Plaintiffs–Appellees,

v.

Janet Renae Petelski; Richard Petelski, individuals d/b/a JR Rentals d/b/a JR's Scraper Rentals d/b/a Ricks Equipment Rental & Sales, Defendants–Appellants.

Nos. 05–56735, 06–55223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed Aug. 1, 2007.

Brian R. Hodge, Esq., Laquer, Urban, Clifford & Hodge, Pasadena, CA, for Plaintiffs–Appellants.

Gregory J. Hout, Esq., San Diego, CA, for Defendants–Appellees.

Before: FISHER and CALLAHAN, Circuit Judges, and STROM, Senior District Judge.*

MEMORANDUM **

The Trustees of the Operating Engineers Pension Trust appeal the district court's grant of summary judgment on their claims that Janet and Richard Petelski breached a collective bargaining agreement (CBA) in violation of the Employee Retirement Income Security Act and the Labor Management Relations Act. The Petelskis cross appeal the district court's denial of attorney's fees. We affirm both rulings.

■ Richard Petelski, and his unincorporated business "Rick's Equipment," were not bound to the terms of the CBA by operation of California community property law. The plain text of the CBA binds only Janet Petelski and her unincorporated business "JR Rentals." Although California Family Code § 910(a) allows the debts of one spouse to be satisfied from community assets—including a community property business under Family Code § 1100(d), see William Bassett, *California Community Property Law*, § 9:21 (2007)—California law does not automatically extend the contractual obligations of one spouse to the other such that entirely new debts are created.

■ The district court correctly granted summary judgment with regard to the trustees' alter ego claim because the trustees failed to introduce evidence that created a reasonable dispute of material fact that the Petelskis created or operated their business with anti-union animus. A showing of anti-union animus is a mandatory element of an alter ego claim in this circuit. *See UA Local 343 v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1472 (9th Cir.1994). The trustees failed to present evidence that JR Rentals was "created in an attempt to avoid the obligations of [JR Rentals' CBA] through a sham transaction or a technical change in operations," *id.* (citation and internal quotation marks omitted), or that after JR Rentals' creation, "a disgruntled management later sought to use the company as a means to avoid its obligations by deliberately shifting all the signatory's work away to the nonsignatory and leaving the signatory as an empty shell." *See Brick Masons Pension Trust v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1337 n. 2 (9th Cir.1988) (citation omitted). It is undisputed that Janet Petelski fully disclosed her relationship with Rick Petelski and Rick's Equipment to the union before entering into the CBA, and there is no evidence that the Petelskis operated their businesses in a manner that deprived the union of any benefit of its bargain. Although the trustees cite three time cards in the record which purportedly establish that on a limited number of occasions one employee, Jeremy Cross, worked for both JR Rentals and Rick's Equipment on the same day, such isolated incidents standing alone are not sufficient evidence of a calculated scheme to siphon union employees into

---

* The Honorable Lyle Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

non-union work to avoid summary judgment.

Although the trustees make a claim for recovery under the "single employer" theory of liability, *see Nor–Cal,* 48 F.3d at 1470, they failed to raise that theory in the district court and instead explicitly disavowed reliance on that theory. That claim is therefore waived. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.,* 485 F.3d 450, 457 (9th Cir.2007).

The trustees next argue that they are entitled to contributions for employees who split time within the same 40–hour week between Rick's Equipment and JR Rentals. *See Oper. Eng'rs Pension Trust v. A–C Co.,* 859 F.2d 1336, 1340–42 (9th Cir.1988). This argument has also been waived because it was not raised in the district court. Even assuming it has not been waived and that the trustees have provided evidence that union employees split time between the two businesses in the same week, the trustees have failed to produce evidence that the employees who allegedly split time were full-time employees. *See id.* at 1340.

Finally, the district court did not abuse its discretion by denying the Petelskis' motion for attorney's fees.

**AFFIRMED.**